814 A.2d 600

MARY AZURAK, PLAINTIFF, v. CORPORATE PROPERTY INVES-
TORS, T/A OCEAN COUNTY MALL, DEFENDANT–APPEL-
LANT, AND PLANNED BUILDING SERVICES, DEFENDANT–
RESPONDENT.

Argued December 3, 2002—Decided January 23, 2003.

*Lawrence M. Berkeley* argued the cause for appellant (*Rubin
Fiorella & Friedman,* attorneys; *G. Jeffrey Moeller,* on the
briefs).

*Theresa E. Mullen* argued the cause for respondent (*Sachs, Maitlin, Fleming, Greene, Wilson & Marotte,* attorneys; *Allan Maitlin,* of counsel; *Mr. Maitlin* and *Christopher Klabonski,* on the brief).

PER CURIAM

In 1994, Planned Building Services (PBS), a janitorial company, entered into a contract with Corporate Property Investors (the Mall) that contained the following provision:

> Contractor [PBS] shall indemnify, defend and hold harmless each Indemnitee [the Mall] from and against any claim (including any claim brought by employees of Contractor), liability, damage or expense (including attorneys' fees) that such Indemnitee may incur relating to, arising out of or existing by reason of (i) Contractor's performance of this Agreement or the conditions created thereby (including the use, misuse or failure of any equipment used by Contractor or its subcontractors, servants or employees) or (ii) Contractor's breach of this Agreement or the inadequate or improper performance of this Agreement by Contractor or its subcontractors, servants or employees.

In 1996, Mary Azurak was injured when she slipped on a "cheese-type" substance at the Mall. She sued the Mall and PBS for her injuries. The Mall moved for summary judgment on the issue of indemnification and defense by PBS. The motion was granted by the trial court, based on the conclusion that the agreement provided a "broad- form" of indemnification under *Doloughty v. Blanchard Const. Co.,* 139 *N.J.Super.* 110, 352 *A.*2d 613 (Law Div.1976). PBS appealed, and in the interim, the case was tried, resulting in a jury determination that plaintiff was 30% negligent; the Mall, 30%; and PBS, 40%. A molded judgment was entered in Azurak's favor in the amount of $6,131.02.

On appeal, PBS argued that the indemnification provision of the contract did not encompass the Mall's negligence. The Appellate Division agreed. In an opinion penned by Judge Carchman, the panel concluded that the cited language of the indemnification provision was neither explicit nor unequivocal on the subject of the indemnitee's negligence, thus falling short of the standard we established in *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.,* 103 *N.J.* 177, 510 *A.*2d 1152 (1986), and recently

reaffirmed in *Mantilla v. NC Mall Assocs.*, 167 *N.J.* 262, 770 *A.*2d 1144 (2001). The court went on to note:

> As we have stated, we reject the Mall's argument and reliance on *Doloughty* and conclude that the Court's analysis in *Ramos* and the reaffirmation of the *Ramos* principle in *Mantilla* compels the conclusion that absent the required language mandated by those cases, the indemnification provision does not extend to the Mall's negligence.
>
> Significantly, the Court's analysis in *Mantilla*, by omission, eschewed the consideration of a "broad" or "limited" form of indemnification—a critical element in the analytical framework that had dominated consideration of these issues in *Doloughty*. We read *Mantilla* as a reiteration of *Ramos* and its "bright line" rule requiring "explicit language" that indemnification and defense shall include the indemnitee's own negligence. We note that nowhere in *Mantilla* is there any mention of the significance of broad form or limited form indemnification provisions or any significant reference to *Doloughty*.
>
> In sum, we accept the Court's clear and explicit language as meaning what it says and conclude that the absence of clear and explicit language addressing indemnification for the Mall's negligence precludes recovery for its portion of the judgment or defense costs.
>
> [*Azurak v. Corporate Property Investors*, 347 *N.J.Super.* 516, 523, 790 *A.*2d 956 (App.Div.2002).]

We subscribe to the Appellate Division's disposition of this case and affirm substantially for the reasons expressed in Judge Carchman's thorough and thoughtful opinion.

■ We add only this. To the extent that *Doloughty* distinguishes between "broad" and "limited" indemnification clauses and suggests that the former provides a way to include an indemnitee's negligence within an indemnification agreement without explicitly referring to the indemnitee's "negligence" or "fault," it is no longer good law. It was implicitly overruled by *Ramos* and *Mantilla*, and we reaffirm that view here. Moreover, even if the "broad form" notion retained some vitality, the indemnification provision in this case would not have passed muster. As the Appellate Division noted, the clause focused on PBS, thus eliminating the possibility of construing it to include the indemnitee's negligence. *Ibid.* Finally, in order to allay even the slightest doubt on the issue of what is required to bring a negligent indemnitee within an indemnification agreement, we reiterate that

the agreement must specifically reference the negligence or fault of the indemnitee.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Justices COLEMAN, LONG, LaVECCHIA, ZAZZALI and ALBIN—5.

*Opposed*—None.