**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2099-19

MATTHEW DOMENICK,

    Plaintiff,

v.

COUNTY OF MIDDLESEX,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

BRIAN MELNICK and BAM
SPORTS a/k/a BAM SOCIAL
SPORTS, PHILADELPHIA
INDEMNITY INSURANCE

    Third-Party Defendants-
    Respondents,

and

BELL ANDERSON AGENCY,
INC.,

    Third-Party Defendants.

_____

Argued March 10, 2021 – Decided April 26, 2021

Before Judges Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5044-18.

Clark W. Convery argued the cause for appellant (Convery, Convery & Shihar, PC, attorneys; Clark W. Convery, on the briefs).

Paul J. Soderman argued the cause for respondents Brian Melnick and Bam Sports (Sweeney & Sheehan, P.C., attorneys; Paul J. Soderman, on the brief).

PER CURIAM

Defendant/third-party plaintiff County of Middlesex appeals from a January 15, 2020 Law Division order, denying reconsideration of two November 18, 2019 orders that dismissed its complaint against third-party defendants Brian Melnick and his company, Bam Sports a/k/a Bam Social Sports (collectively BAM), on summary judgment. The motion judge concluded the parties' indemnification agreement failed to specify that BAM would indemnify the County for the County's own negligence. We agree and affirm.

On June 4, 2017, plaintiff Matthew Domenick[1] tripped and fell while rounding third base during a softball game played at Johnson Park in Piscataway.

_____

[1] Plaintiff's complaint was dismissed on the County's summary judgment motion. Accordingly, he is not a party to this appeal.

As sponsor of the softball league, Melnick purchased a permit from the County. Pertinent to this appeal, Melnick signed the County's rules and regulations, which contained the following provision:

> HOLD HARMLESS AGREEMENT
>
> In consideration of the granting of permission by the Middlesex County Office of Parks and Recreation to the applicant for the use of the facilities set forth above, the applicant hereby shall defend, indemnify and save harmless the County of Middlesex <u>against all claims arising from the conduct of activities for which this application is made.</u>
>
> [(Emphasis added).]

The following year, plaintiff sued only the County, alleging it was negligent in the preparation and maintenance of the softball field, causing him to sustain injuries. In turn, the County filed a third-party complaint against BAM, Bell Anderson Agency, Inc., and Philadelphia Indemnity Insurance,[2] demanding defense and indemnification of plaintiff's claims.

Just prior to the close of discovery, the County moved for summary judgment against BAM based on the allegations asserted in its third-party

---

[2] Bell Anderson Agency, Inc. (Bell) and Philadelphia Indemnity Insurance (PII) are not parties to this appeal. During oral argument before this court, the parties indicated that Bell was dismissed from the litigation prior to the commencement of discovery, and the County thereafter abandoned its claims against PII.

A-2099-19

complaint. BAM cross-moved for summary judgment, primarily asserting the indemnification clause failed to reference "the County's own fault or negligence."

Following argument, the judge denied the County's motion and granted BAM's motion. In a statement of reasons accompanying the November 18, 2019 order[3] that granted BAM's motion, the judge explained:

> This [c]ourt finds that the subject provision does not provide for suits which allege the County's own negligence. It is clear that under N[ew] J[ersey] law, in order to bring a negligent indemnitee within an indemnification agreement, the agreement must specifically reference the negligence or fault of the indemnitee. Azurak v. Corp[.] Prop. Inv[s.], 175[] N.J. 110, 112-[]13 (2003). The provision clearly lacks any explicit reference to indemnification in the case of a suit for the County's own negligence. Therefore, . . . [BAM]'s motion for summary judgment seeking dismissal of [the County]'s claim is granted.

The judge denied the County's ensuing motion for reconsideration. The judge memorialized his decision in a statement of reasons accompanying the January 15, 2020 order. Finding the County failed to satisfy the standard for reconsideration, the judge reiterated his reliance on Azurak, elaborating:

---

[3] The companion November 18, 2019 order, denying the County's summary judgment motion cross-referenced the reasons cited in the order, granting BAM's motion.

 A-2099-19

> Broad-form indemnification clauses, as is the case here, are subject to the rule requiring explicit and plain language for indemnification for an indemnitee as a result of the indemnitee's own fault or negligence. See Azurak, . . . 175 N.J. . . . [at] 112-13 . . . . As the indemnification clause does not explicitly state in plain language that BAM . . . would indemnify [the] County for claims arising out of [the] County's own alleged negligence or fault, there is no basis to sustain [the] County's indemnification claim.

This appeal followed.

On appeal, the County argues the motion judge erroneously applied the governing law and "overlooked the parties' true intent" behind the indemnification clause. The County further contends BAM acted in bad faith. Having conducted a de novo review of the record, Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016), in view of the governing law, Azurak, 175 N.J. at 112-13, we conclude the County's contentions lack sufficient merit to warrant extended discussion in a written opinion, R. 2:11-3(e)(1)(E), beyond the comments that follow.

The interpretation or construction of a contract is a legal question, reviewed de novo by this court. Driscoll Constr. Co. v. State, Dep't of Transp., 371 N.J. Super. 304, 313 (App. Div. 2004); see also Celanese Ltd. v. Essex Cnty. Improvement Auth., 404 N.J. Super. 514, 528 (App. Div. 2009) (holding that "unless the meaning is both unclear and dependent on conflicting testimony[,]"

A-2099-19

the court interprets the terms of a contract as a matter of law).  In our review, the "trial court's interpretation of the law and legal consequences that flow from" it are "not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"The objective in construing a contractual indemnity provision is the same as in construing any other part of a contract – it is to determine the intent of the parties."  Kieffer v. Best Buy, 205 N.J. 213, 223 (2011).  Our task is interpretative.  Ibid.  We do not rewrite the parties' contract or provide a better or different agreement than the one they wrote themselves.  Ibid.

As a general rule, an indemnity "contract will not be construed to indemnify the indemnitee against losses resulting from its own negligence unless such an intention is expressed in unequivocal terms" in the agreement.  Ramos v. Browning Ferris Indus., Inc., 103 N.J. 177, 191 (1986).  The Supreme Court has squarely addressed this issue in Mantilla v. NC Mall Associates, 167 N.J. 262 (2001) and Azurak, 175 N.J. 110.

In Mantilla, our Supreme Court examined whether the parties' contractual indemnification clause obligated the contractor to indemnify the property owner for legal costs incurred by the owner in defending itself against a negligence claim.  167 N.J. at 267.  The Court concluded that as a matter of public policy,

"absent explicit contractual language to the contrary, an indemnitee who has defended against allegations of its own independent fault may not recover the costs of its defense from an indemnitor." Id. at 275.

The Court's opinion in Azurak, 175 N.J. at 111-12, reinforced the principles set forth in Mantilla, and eliminated all doubt, holding a "broad form" indemnification clause, which attempted "to include an indemnitee's negligence within an indemnification agreement[,] without explicitly referring to the indemnitee's 'negligence' or 'fault,' . . . is no longer good law." Citing this court's opinion, the Court affirmed per curiam, adopting the rationale expressed by Judge Carchman, which stated:

> Significantly, the Court's analysis in Mantilla, by omission, eschewed the consideration of a "broad" or "limited" form of indemnification – a critical element in the analytical framework that had dominated consideration of these issues in [prior authority]. We read Mantilla as a reiteration of Ramos and its "bright line" rule requiring "explicit language" that indemnification and defense shall include the indemnitee's own negligence. We note that nowhere in Mantilla is there any mention of the significance of broad form or limited form indemnification provisions . . . .
>
> [Id. at 112 (quoting Azurak v. Corp. Prop. Invs., 347 N.J. Super. 516, 523 (App. Div. 2002).]

A-2099-19

More recently, we considered the indemnity provision in a licensing agreement between G & G Hotels, Inc. (G & G) and Howard Johnson International, Inc. (HJI). Sayles v. G & G Hotels, Inc., 429 N.J. Super. 266 (App. Div. 2013). Pursuant to the terms of the agreement, G & G was required to

> indemnify, defend and hold [HJI] harmless, to the fullest extent permitted by law, from and against all [l]osses and [e]xpenses, incurred by [HJI] in connection with any . . . claim . . . relating to or arising out of any transaction, occurrence or service at or in conjunction with the operation of the [f]acility, any breach or violation of any contract or any law, regulation or ruling by, or any act, error or omission (active or passive) of, [G & G], any party associated or affiliated with [G & G], or any of their respective owners, officers, directors, employees, agents or contractors, <u>including when the active or passive negligence of [HJI] is alleged or proven</u>.
>
> [Id. at 270 (emphasis added).]

The indemnification provision was triggered when a consolidated negligence action was filed against G & G and HJI. Id. at 268. HJI moved for summary judgment against G & G, seeking defense and indemnification pursuant to their agreement. Ibid. As we noted, the trial court granted the motion, "finding enforcement of the provision here was consistent with the principles outlined in Azurak . . . and earlier cases." Ibid. On appeal, we

rejected G & G's argument that the "the indemnification provision d[id] not, as a matter of law, unequivocally express the parties' intent that G & G indemnify HJI for claims based on HJI's negligence." Id. at 269. In doing so, we found "the indemnification provision sufficiently expresse[d] the parties' intent that HJI would be entitled to indemnification from G & G for claims arising from HJI's negligence." Id. at 269-70.

In the present matter, the County cherry-picks our observation in Sayles that "a court must look for the parties' true intent" when analyzing an indemnity provision, id. at 274, to support its argument that Azurak "is not the current law of New Jersey." To the contrary, our decision in Sayles rested precisely on the parties' inclusion of "the active or passive negligence of [HJI]" in their indemnity provision.

Here, however, the "broad-form" clause, requiring BAM to "defend, indemnify and save harmless the County of Middlesex against all claims arising from the conduct of activities for which this application is made," falls far short of the explicit language required under Azurak and its progeny. See e.g., Estate of D'Avila v. Hugo Neu Schnitzer E., 442 N.J. Super. 80, 114 (App. Div. 2015) (enforcing an indemnification provision containing "plain and unequivocal"

language requiring "[indemnitor] to indemnify [indemnitee] for damages caused by [indemnitee's] own negligence").

Simply stated, plaintiff alleged the County negligently maintained and repaired the softball field, causing his injuries. Because the indemnification provision lacked any reference whatsoever to the County's own negligence, BAM was not required to defend or indemnify the County. BAM did not act in bad faith here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2099-19